**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| **GRACE ABIGAIL HAWEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **ANDREW GEORGE NOLAN** ) | |
| ) | |
| **and** ) | |
| ) | |
| **USA TRUCK HOLDINGS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>ANSWER</u>

Defendants Andrew George Nolen ("Nolen") and USA Truck, LLC[1] ("USA Truck"), by counsel, state as follows for their Answer to Plaintiff's Complaint:

1. Defendants are without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and therefore deny all allegations therein.

2. Defendants admit that Nolen currently resides at 60 Blueberry Lane, Rabun Gap, Georgia 30568.

3. Defendants admit the allegations in paragraph 3 of the Complaint with respect to USA Truck, LLC. As noted, Plaintiff has sued the wrong corporate entity and this allegation is therefore denied with respect to the Defendant sued.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

---

[1] The Complaint incorrectly identifies Mr. Nolen as "Andrew George Nolan," and USA Truck, LLC as "USA Truck Holdings, Inc." Defendants have filed a Motion to Dismiss the incorrect Defendants and will not object to Plaintiff amending the Complaint to name the correct Defendants.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. Defendants admit only that Nolen was driving for USA Truck at the time of the accident.

6. Defendants admit only that Plaintiff was traveling in a westwardly direction on the date of the accident. Defendants are without sufficient information to know which lane Plaintiff was traveling in prior to the accident and therefore deny all remaining allegations in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. Defendants admit only that Nolen was operating a 2021 Kenworth tractor trailer owned by USA Truck, Inc. around the stated time and place and that he was charged with Failure to Yield Right of Way. To the extent paragraph 7 contains any factual allegations asserting that Nolen was negligent, Defendants deny all such allegations therein. Defendants deny any remaining factual allegations in paragraph 7 of the Complaint.

8. Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 and therefore deny them at this time.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any factual allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the allegations in paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations in paragraph 13 of the Complaint and demand strict proof thereof.

14. In response to the unnumbered "WHEREFORE" paragraph of the Complaint, Defendants deny that Plaintiff is entitled to the relief prayed for.

### **Jury Demand**

1. Defendants demand a jury trial on all issues.

### **Affirmative Defenses**

Defendants assert the following defenses without assuming the burden of any such defense that would rest on Plaintiff. Defendants reserve their right to amend or supplement this Answer and/or these Affirmative Defenses as information is gathered through investigation and discovery.

1. Defendants deny any and all allegations not specifically admitted herein.

2. Defendants deny they are indebted to Plaintiff in the amount prayed for.

3. Plaintiff failed to state a claim upon which relief can be granted against the named Defendants as set forth in Defendants' Motion to Dismiss.

4. Defendants reserve the right to assert any and all other applicable affirmative defenses that discovery and investigation may reveal during the course of the litigation.

WHEREFORE, having denied the material allegations against them and having asserted their affirmative defenses to Plaintiff's Complaint, Defendants Andrew George Nolan and USA Truck Holdings, LLC by counsel, respectfully request that the Court dismiss the Complaint filed against them and award such further relief as this Court may deem just and appropriate.

3

Dated: February 13, 2025.

Respectfully submitted,

**ANDREW GEORGE NOLAN AND
USA TRUCK HOLDINGS, INC.**

By:  _/s/ Nia E. White_____
Of Counsel

Ashley W. Winsky (VSB No. 79224)
Nia E. White (VSB No. 98455)
GENTRY LOCKE
P. O. Box 780
Richmond, Virginia  23218
Telephone:  (804) 297-3704
Telephone:  (804) 217-4080
winsky@gentrylocke.com
nwhite@gentrylocke.com

*Counsel for Andrew George Nolan
and USA Truck Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I electronically filed the foregoing with the clerk of the court for the United States District Court for the Western District of Virginia on this 13th day of February, 2025 using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys on the NEF, including:

James C. Turk, Jr. (VSB# 24700)
TURK & TURK, PC
1007 E Main Street
Radford, Virginia 24141
Tel: (540) 639-9056
Fax: (540) 731-4665
jimturk@aol.com

*Counsel for Plaintiff*

*/s/ Nia E. White*
Of Counsel

5